**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4738**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CLAUDE ALEXANDER BOOKER, a/k/a Danny Booker, a/k/a Pine,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:04-cr-00235-RWT-26)

———————————

Submitted:  May 30, 2013             Decided:  June 4, 2013

———————————

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mirriam Z. Seddiq, MIRRIAM Z. SEDDIQ, P.C., Fairfax, Virginia, for Appellant.  Deborah A. Johnston, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claude Alexander Booker appeals the district court's order revoking his supervised release and sentencing him to twenty-four months of imprisonment and a thirty-six-month term of supervised release. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether Booker's sentence is plainly unreasonable. Although notified of his right to do so, Booker has not filed a pro se supplemental brief. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual ch. 7, pt. B, and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the district court "ultimately has broad discretion to revoke [supervised release] and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court considered the

2

Chapter 7 advisory policy statements and the applicable § 3553(a) factors. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 440. And although the district court need not explain a revocation sentence in as much detail as an original sentence, it "still must provide a statement of reasons for the sentence imposed." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted).

Here, the district court correctly calculated Booker's advisory policy statement range and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. The twenty-four-month sentence does not exceed the applicable statutory maximum of thirty-six months' imprisonment. 18 U.S.C. § 3583(e)(3). The court was also well within its statutory authority to sentence Booker to an additional term of supervised release. 18 U.S.C. § 3583(h). Because the district court also clearly explained the basis for Booker's sentence, we find no error in its imposition.

3

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Booker, in writing, of his right to petition the Supreme Court of the United States for further review. If Booker requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Booker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4